MAGDALENA KEPLER, EXECUTRIX, ETC., OF ADAM MACHT, DECEASED, RESPONDENT, *v.* SUPREME LODGE, KNIGHTS OF HONOR, APPELLANT.

*Insurance association — designation of the beneficiary — when the fund may be disposed of by will — when the association will be deemed to have waived defects in the form of designation adopted.*

Upon the trial of this action, brought against the defendant, a fraternal organization engaged in the business of life insurance upon the assessment plan, it appeared that one Macht, a German laborer, became a member of the association in 1885, and received a benefit certificate payable to his wife, Catharine, whom he had married many years before. At the time of the marriage Catharine had a daughter, the plaintiff, who always lived with Macht and his wife, Macht never having had any children. After the death of the wife, which occurred a few months after the issuing of the certificate, Macht made a will,

by which he left to his step-daughter all his property, which, with the exception of his clothes and a little furniture, consisted of the insurance in question. After the will was drawn he caused a friend to write a letter on the back of it to one Osborn, one of the principal officers of the lodge, and delivered the will to Osborn, and also told one Boyer, the reporter of the lodge, of the contents of the will, and of his understanding that it conveyed his insurance to his step-daughter.

The defendant refused to pay the plaintiff, who had proved the will after the death of her step-father, upon the ground that Macht had not complied with the requirements of an article of its constitution providing that "in the event of the death of all the beneficiaries designated by the member, before the decease of such member, if he shall *make no other disposition* thereof, the benefit shall be paid to the heirs of the deceased member, and if no person shall be entitled to receive such benefit, by the laws of the order, it shall revert to the "widow and orphan benefit fund"

*Held*, that under a fair construction of this provision Macht should, under the circumstances of this case, be held to have disposed of the fund in favor of his step-daughter.

*Hellenberg* v *District No* 1, *I. O of B. B* (94 N Y , 583) distinguished.

That if this were not so, the delivery of the will to Osborn, the proper officer of the lodge, and the contemporaneous statement made by the assured to Boyer, the reporter of the lodge, and the retention of the will by said lodge, without any objection to the form or manner of designation, constituted a waiver of any defect or irregularity in such designation or disposition

APPEAL from a judgment in favor of the plaintiff entered upon the trial of this action by the court at the Dutchess County Circuit, after a trial before the court without a jury.

*Morris Goodhart*, for the appellant.

*Thompson, Weeks & Lown*, for the respondent.

PRATT, J.:

The defendant is a fraternal organization engaged in the business of life insurance upon the assessment plan, and the testator of the plaintiff became a member of such organization. It was incorporated under the laws of Missouri, but did business through subordinate lodges, one of which was located at Poughkeepsie.

The testator, Adam Macht, a German laboring man, married a wife, Catharine, about forty-five years ago in Germany, who was a widow with one child, the plaintiff. They soon after came to America and settled in Poughkeepsie, where they lived as one family. No children were born to the testator and Catharine, but

the child of the latter was always the same as if she was the testator's own child. In 1885 Macht became a member of the lodge in Poughkeepsie, and received, in due form, a benefit certificate, in which was written the name of his wife as beneficiary in case of his death. A few months after Catharine died, but no change was made in the certificate, but Macht continued to live with his step-daughter, until September, 1886, when he went to a lawyer to get his will drawn. By the will he left all his property to his step-daughter, except a small sum for a stone and care of burial plot. Except his clothes and some little furniture he left no property of any kind except the insurance in question. After the will was drawn he went to a friend and caused him to write a letter on the back of it to Oakley Osborn, then one of the principal officers of the "Dutchess Lodge." The will, so indorsed with a letter, was then delivered by the insured to said Osborn. Apparently the motive for such indorsement and delivery was a belief on the part of Macht, who was an illiterate man, that the will relating entirely to his benefit insurance should properly be placed in the custody of the lodge or its officers. Osborn received the will and kept the same without reporting to the lodge or taking any action thereon. Subsequently Macht died, and the step-daughter then went to him and got the will, which was duly proven, and letters testamentary issued to said Magdalena. The Grand Lodge of the order refused to pay the claim on the ground that Macht had not taken steps sufficient to pass the insurance to his step-daughter.

Section 6 of article 9, of the constitution of the lodge is as follows: "In the event of the death of all the beneficiaries designated by the member, before the decease of such member, if he shall make no other disposition thereof, the benefit shall be paid to the heirs of the deceased member, and if no person or persons shall be entitled to receive such benefit, by the laws of this order, it shall revert to the widow and orphan benefit fund."

This section expressly states what shall be done in case of the death of the beneficiary, and must be regarded as controlling. We think, under a fair construction of this provision, Macht disposed of this fund and, therefore, it did not revert to the widow and orphan fund. It is plain the testator intended to dispose of this fund by his will when all the facts and circumstances surrounding the trans-

action are considered. He had no other property upon which the will could take effect. He spoke to the lawyer who drew his will about this insurance, and tells Boyer, the reporter of his lodge, that it was to go to his step-daughter. He sent the will to the officer of his lodge apparently with the design to notify the lodge of his intention. It is true the will does not specifically mention the fund, but he had kept up the insurance after his wife's death with the assistance of the step-daughter, and undoubtedly intended that she should have the benefit of it, and as clearly supposed that he had secured it to her by the will and by taking steps to notify the lodge. So far as appears he had no relations and no object of bounty except the plaintiff, and it is not at all probable that he, together with the plaintiff, would struggle to keep up the insurance for the benefit of the widow and orphan fund. Under all the circumstances, we think he made a sufficient disposition of the fund within the meaning of the section above quoted.

The case of *Hellenberg* v. *District No.* 1, *I. O. of B. B.* (94 N. Y., 583) is not in conflict with these views. There the insurance was in the absence of wife and children, to go to " such person or persons as he may formally have designated to his said lodge prior to his decease." Such designation was by means of the signature of the assured in a certain lodge book, which signature was to be witnessed by a brother member. The by-laws contained a plain provision that if the assured left no wife or children, and neglected to make such designation in the manner prescribed, then the insurance should lapse. There was no general power of " disposition " as in this case, and, hence, the court held that the assured having only the power to *designate* a person to receive the fund, and that person having to be designated in a formal manner prescribed by the by-laws and said designation having to be " *to his said lodge prior to his decease,*" that these requirements were not met by a clause in his will leaving the fund to his brother.

But even in this case the court says, in substance, that the will would have operated as a sufficient designation *if it had been brought to the notice of the lodge during the lifetime of the assured.* That in that case " it would have been good as a designation, although not yet operative as a will ; " but that it not being brought to the lodge's notice till after the assured's death, it was ineffectual. In

the present case the will was sent to the proper officer of the lodge within a day after it was executed and the reporter of the lodge was apprised of its contents by Macht and of the understanding that it conveyed his insurance to his step-daughter right after its execution.

The delivery of the will to Osborn, the proper officer of the lodge, and the contemporaneous statements made by the assured to Boyer, the reporter of the lodge, and the retention of the will by said lodge without any objection to the form or manner or designation, constitute a waiver of any defect or irregularity in such designation or disposition. If the paper was regarded- as imperfect, it was the duty of the officers of the lodge to return it to the assured with notice of defect. We have examined the other exceptions in the case, but find no error to the prejudice of the defendant.

The judgment should be affirmed with costs.

DYKMAN, J., concurred, BARNARD, P. J., not sitting.

Judgment affirmed, with costs.